IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| MICHAEL REYNA, <br><br> Plaintiff, <br><br> vs. <br><br> TIM NADING, Des Moines Police Department, and MICHAEL MCTAGGART, Des Moines Police Department, <br><br> Defendants. | 4:06-cv-00355-RWP <br><br><br> **ORDER** |

This is an action brought by an inmate pro se under 42 U.S.C. § 1983. On March 28, 2007, defendants filed a Motion for Summary Judgment. They claim the undisputed facts show that they are entitled to judgment as a matter of law. On May 3, 2007, the Court entered an order instructing plaintiff to file any resistance he wished to file within twenty-one days. No resistance has been filed. For the following reasons, the court grants defendants' motion.

I. Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lickteig v. Bus. Men's Assur. Co. of Am., 61 F.3d 579, 583 (8th Cir. 1995).  The nonmoving party must go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir. 1995).  The quantum of proof that the nonmoving party must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  On a motion for summary judgment, the court views all the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences that can be drawn from the facts.  Lickteig, 61 F.3d at 583.

II. Summary of Material Facts.

In support of their motion for summary judgment, defendants have submitted the depositions of plaintiff, and Officers Tim Nading and Michael McTaggart.  The Court has reviewed all documents and finds that the Defendants statement of facts accurately sets forth the undisputed facts in this case.  Briefly, on the night of the altercation, plaintiff  "was in the midst of a sleepless, 12-day, intravenous methamphetamine drug" episode.  Plaintiff shot Marco Green twice and then  fled to the woods.   He hid or slept in the woods for more than an hour. Plaintiff was armed with a Colt 45 revolver and had a box of bullets in his coat.

Police were notified of the shooting.  Officers Nading and McTaggart heard a shot fired in the woods where plaintiff was hiding.  They and their K-9 entered the woods.  It was dark. Plaintiff was hiding in the grass.  When they passed within some ten feet of him, he shot twice.

The officers immediately returned fire.   McTaggart fired a total of seven rounds, Nading fired a

total of 16 shots.   Both officers state that the shooting ended in a very short amount of time, one

estimate being ten seconds.   Plaintiff states that he does not know how long the incident lasted,

"he just blacked out."

Plaintiff and defendants' versions of the incident vary in some respects[1], but all parties

agree that plaintiff was hiding in the woods with a loaded weapon, and that as the officers

searched for him he fired two shots at very close range.   The officers feared for their lives and

returned fire, it was dark, and the incident last only a few moments.

III. Discussion.

"Qualified immunity shields government officials from suit unless their conduct violated

a clearly established constitutional or statutory right of which a reasonable man would have

known." Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996).   There is a two-part test in

determining whether a lawsuit against a public official can proceed in the face of the official's

assertion of qualified immunity.   See Saucier v. Katz, 533 U.S. 194, 201 (2001).  First, courts

must consider whether, "[t]aken in the light most favorable to the party asserting the injury, ...

the facts alleged show the officer's conduct violated a constitutional right." Id. at 201, 121 S.Ct.

2151.

If a constitutional violation is found,  courts proceed "to ask whether the right was clearly

established." Id.   "For a right to be deemed clearly established, the 'contours of the right must

---

[1]Plaintiff, for example, states the officers did not see him at first, and that he fired at the
dog when the dog approached him.  Officer Nading states that he saw plaintiff on the ground,
seven feet away, pointing a handgun at him.

be sufficiently clear that a reasonable official would understand that what he is doing violates

that right.' " Buckley v. Rogerson, 133 F.3d 1125, 1128 (8th Cir.1998) (quoting Anderson v.

Creighton, 483 U.S. 635, 640 (1987)).

 Here, as to the first step of the qualified immunity analysis, plaintiff asserted that the

officers  violated his right to be free from excessive force when they shot at him twenty-three

times.   For plaintiff to prove a constitutional violation under the Fourth Amendment's right to

be free from excessive force, "the test is whether the amount of force used was objectively

reasonable under the particular circumstances." Greiner v. City of Champlin, 27 F.3d 1346, 1354

(8th Cir.1994).

> "The 'reasonableness' of a particular use of force must be judged from the
> perspective of a reasonable officer on the scene, rather than with the 20/20 vision
> of hindsight." Graham, 490 U.S. at 396, 109 S.Ct. 1865. The Supreme Court has
> instructed, "[t]he calculus of reasonableness must embody allowance for the fact
> that police officers are often forced to make split-second judgments-in
> circumstances that are tense, uncertain, and rapidly evolving-about the amount of
> force that is necessary in a particular situation." Id. at 396-97, 109 S.Ct. 1865.
> "Circumstances such as the severity of the crime, whether the suspect posed a
> threat to the safety of the officers or others, and whether the suspect was resisting
> arrest are all relevant to the reasonableness of the officer's conduct." Foster v.
> Metro. Airports Comm'n, 914 F.2d 1076, 1081 (8th Cir.1990). "In addition to the
> circumstances surrounding the use of force, we may also consider the result of the
> force." Crumley v. City of St. Paul, Minn., 324 F.3d 1003, 1007 (8th Cir.2003);
> Patzner v. Burkett, 779 F.2d 1363, 1371 (8th Cir.1985) (stating that, in
> considering the reasonableness of force used, the extent of any resulting injuries
> is relevant).

Littrell v. Franklin, 388 F.3d 578, 584 (8th Cir. 2004).

The undisputed facts in this case show that in firing at the plaintiff, the officers were

attempting to subdue someone they knew had already shot one person and who they justifiably

believed was attempting to kill them.   The incident last only moments.  On this  summary

judgment record, no reasonable jury could return a verdict for plaintiff on his excessive force

claim.  Defendants are entitled to judgment as a matter of law.  The court need not address

defendants' other arguments in favor of their motion.

IV. Summary.

For the foregoing reasons, the court **grants** defendants' motion for summary judgment

(Clerk's No. 24).  Judgment shall be entered in favor of defendants.  Plaintiff's case is **dismissed.**

IT IS SO ORDERED.

Dated this ___12th day of July, 2007.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT